

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 14, 2022

**By ECF**
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Virginia Lallave v. F. Martinez, Jr. et al.*
      Civil Action No. 22-cv-791 (NGG) (RMM)

Dear Judge Garaufis:

  This Office represents Respondents Warden of the Brooklyn Metropolitan Detention Center ("MDC") F. Martinez Jr., Regional Reentry Manager Patrick McFarland, and Director of the Bureau of Prisons ("BOP") Michael Carvajal (collectively, "Respondents") in the above-referenced action in which Petitioner Virginia Lallave seeks a habeas corpus petition ("Petition") pursuant to 28 U.S.C. § 2241. Petition, Dkt. No. 1. Petitioner has been released from MDC custody and returned to her residence. As a result, and as will be discussed at today's conference at 1:00 pm., this action is now moot. Respondents respectfully request that the Court endorse the below proposed briefing schedule, whereby Respondents will respond to the Petition by Friday, February 18, 2022, and Petitioner will file her reply by Wednesday, February 23, 2022. Additionally, Respondents respectfully request oral argument (if necessary) be held on February 24 or 25 or on a date and time convenient for the Court after the Petition is fully briefed.

**I. Background**

  On November 5, 2019, Petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute (i) 40 grams and more mixtures and substances containing a detectable amount of fentanyl, and (ii) mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. § 846; and conspiracy to distribute and possess with intent to distribute mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. *See United States v. Lallave*, 19-cr-15 (S.D.N.Y.) (Nathan, J.), Dkt. No. 37, 44.

  On the afternoon of Friday, February 11, 2022, Petitioner emailed the Government with a copy of its petition, which it styled as a "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Request for Emergency Order of Enlargement, & Complaint for Declaration and Injunctive Relief" ("the Petition"). *See* Dkt. No. 1. The Petition seeks, *inter alia*, Petitioner's

release from MDC custody following a positive test for use of marijuana on January 22, 2022. Petition ¶ 21. On Friday evening, the Court granted Petitioner's application for an emergency order of enlargement and directed that Petitioner be returned to her residence on house arrest. The Court also directed Petitioner to appear at a hearing before Your Honor on Monday, February 14, 2022 at 9 a.m. The Court further ordered Respondents are directed to appear at that time to show cause why Petitioner's petition for release should not be granted.

On Saturday, February 12, the Court granted Petitioner's motion to release Petitioner by 5 p.m. that day. At approximately 2 p.m. that day, Petitioner was released from MDC. On the same date, the Court changed the time of Monday's conference to 1 p.m.[1]

## II. Adjournment of Today's Conference Because This Action is Moot

Because Petitioner has obtained the relief she seeks—her release from MDC and return to her residence—the Petition is moot. *See, e.g., Berrezueta v. Decker*, No. 1:20-CV-10688-MKV, 2021 WL 601649, at *2 (S.D.N.Y. Jan. 11, 2021) (habeas petition rendered moot where petitioner was released from detention on order of supervision) (citing cases); *Ansari v. Tellez*, No. 20-CV-2041 (MKB), 2021 WL 2010399, at *3 (E.D.N.Y. Apr. 14, 2021) (petitioner's claim against MDC for injunctive relief ordering home confinement rendered moot when petitioner transferred to another facility); *Mitts v. Strada*, No. 12-CV-5538 RRM, 2013 WL 764739, at *2 (E.D.N.Y. Feb. 28, 2013) ("[N]ow that Mitts has been released from the MDC, his petition is arguably moot. Mitts has obtained the relief he originally sought: release to serve the remainder of his sentence in a halfway house or home confinement. As such, this Court could not provide any further relief that remedies the wrong of which he complains.") (citing *Geddes v. Lindsay*, No. 07-CV-5054, 2008 WL 2620129 (E.D.N.Y. July 1, 2008) ("[A] motion under section 2241 is moot if a change in the petitioner's conditions of imprisonment precludes the district court from providing any effectual relief.")); *see also Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 222 (E.D.N.Y. 2021) (Garaufis, J.) ("Under Article III of the U.S. Constitution, when a case becomes moot, the federal courts lack subject matter jurisdiction over the action.") (citation omitted).

Therefore, this Petition as moot. Respondents respectfully request the Court's endorsement of the below proposed, expedited briefing schedule in response to the Petition:

| Proposed Action | Date |
| --- | --- |
| Respondents to file their response to the Petition by: | Friday, February 18, 2022 |
| Petitioner to file her reply by: | Wednesday, February 23, 2022 |

---

[1] Respondents have not yet been formally served with the Petition, and there is currently no formal deadline for its response to the Petition. Respondents do not waive any arguments regarding Petitioner's lack of service in this matter by filing the instant application. Additionally, Respondents—out of abundance of caution—note that only the undersigned counsel, an Assistant U.S. Attorney from this Office's Criminal Division, as well as counsel from the BOP, will appear at the conference on behalf of Respondents. While the Court has referred to the Respondents generally in its scheduling orders over the weekend, Respondents—including the Director of the Federal Bureau of Prisons—are sued in their official capacity only and the U.S. Attorney's Office will appear on their behalf.

| Oral argument on the Petition to occur on: | February 24, or February 25, or at another time convenient for the Court. |

The proposed schedule will also provide additional time for the parties to try to resolve this matter without further litigation.

Petitioner's counsel that "as long as the government commits not to seek to re-detain [Petitioner], [they] are amenable to a briefing schedule that provides [] at least five days to respond to the petition-complaint."

Respondents thank the Court for its consideration of this request.

Respectfully submitted,

BREON PEACE
United States Attorney
*Counsel for Respondents*

By:    /s/ Kevin Yim
Kevin Yim
Assistant U.S. Attorney
(718) 254-6186
kevin.yim@usdoj.gov

cc: **By ECF**
Martin S. Cohen, Esq.
Federal Defenders of New York
*Counsel for Petitioner*
martin_cohen@fd.org

**By E-Mail**
Sarah F. Russell, Esq.
Legal Clinic, Quinnipiac University School of Law
*Counsel for Petitioner*
sarah.russell@quinnipiac.edu

Marisol Orihuela, Esq.
Jerome N. Frank Legal Services Organization
*Counsel for Petitioner*
Marisol.orihuela@ylsclinics.org